IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| FIVE RIVERS CARPENTERS DISTRICT COUNCIL HEALTH AND WELFARE FUND, and PATRICK J. LOEFFLER and MIKE NOVY as Trustees; and<br><br>FIVE RIVERS CARPENTERS DISTRICT COUNCIL EDUCATIONAL TRUST FUND, and DOUG WHITE and ROBERT DOUBEK as Trustees,<br><br>    Plaintiffs,<br><br>vs.<br><br>CALACCI CONSTRUCTION CO., INC.,<br><br>    Defendant. | NO. 21-cv-0005<br><br>**COMPLAINT** |

Plaintiffs, the Five Rivers Carpenters District Council Health and Welfare Fund on behalf of said Fund and the Five Rivers Carpenters District Council Educational Trust Fund on behalf of said Fund (collectively "the Funds"), and Mike Novy (Employer Trustee) and Patrick J. Loeffler (Union Trustee), two of the Five River Carpenters District Council Health and Welfare Fund Trustees, and Doug White (Employer Trustee) and Robert Doubek (Union Trustee), two of the Five Rivers Carpenters District Council Educational Trust Fund Trustees, file their Complaint for delinquent contributions and allege as follows:

    1.    This action is brought and maintained in accordance with Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1132(a)(3),1145, and is a suit to recover employer contributions owed to the Funds by Defendant in accordance with applicable collective bargaining and trust fund agreements.

-1-

2. Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is conferred on this Court.

3. Venue is conferred on this court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are an "employee benefit plan" as that term is defined in ERISA and are administered at their principal places of business in Cedar Rapids, Iowa.

## PARTIES

4. The Five River Carpenters District Council Health and Welfare Fund ("H&W Fund") is an employee benefit plan and trust with its principal office located at 1831 16th Avenue S.W., Cedar Rapids, Iowa. The Five Rivers Carpenters District Council Educational Trust Fund ("Ed. Fund") is an employee benefit plan and trust with its principal office located at 350 Waconia Court S.W., Cedar Rapids, Iowa.

5. Plaintiffs Mike Novy and Patrick J. Loeffler are Trustees and "fiduciaries" of the H&W Fund as that term is defined in ERISA. Doug White and Robert Doubek are Trustees and "fiduciaries" of the Ed. Fund as that term is defined in ERISA. Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Mike Novy, Patrick J. Loeffler, Doug White and Robert Doubek are authorized to bring this action on behalf of their respective Funds and their participants and beneficiaries in their capacity as Fund Trustees and fiduciaries.

6. Each Fund is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

7. The Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated Collective Bargaining Agreements with Local

Unions 308, 678 and 1260 affiliated with the North Central States Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America (UBC) on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare and educational benefits to participants and beneficiaries of the Funds and paying the administrative expenses of the Funds.

8. Defendant Calacci Construction Co. Inc. ("Calacci") is, and at all relevant times was, a corporation maintaining offices and conducting business in Iowa City, Iowa. Calacci is an "employer" and a "party-in-interest" as those terms are defined in Section 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

9. UBC represents, for the purpose of collective bargaining, employees of Calacci and employees of other employers in industries affecting interstate commerce.

10. During all relevant times, Calacci and UBC have been parties to a Collective Bargaining Agreement effective May 1, 2019 ("2019 CBA"), pursuant to which Calacci has been required to make contributions to the Funds on behalf of certain of its covered employees.

11. As part of the 2019 CBA, Calacci agreed to be bound by the terms of the Funds' Trust Agreements ("Trust Agreements") and all rules and regulations promulgated by the Trustees under said Trust Agreements.

12. Under the 2019 CBA, Calacci was required to "report and remit" continuing and prompt contributions to the Funds.

13. The Funds rely upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history, the employers report to the Funds and pay the contribution.

14. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Funds monthly of any changes in the employment status of individuals covered by the 2019 CBA (e.g., layoffs, new hires, terminations, etc.). The Funds rely upon these reports submitted by employers to determine the appropriate amount of their monthly contributions.

## **STATUTORY AUTHORITY**

15. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
> (A)   the unpaid contributions,
>
> (B)   interest on the unpaid contributions,
>
> (C)   an amount equal to the greater of–
>
>   (i)   interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not to exceed twenty percent (20%) (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney fees and costs of the action, to be paid by the defendant, and

(E) such other legal and or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using…the rate prescribed under Article 13 Section O of the CBA between Calacci and UBC.

## **STATUTORY AND CONTRACTUTAL VIOLATIONS**

17. Plaintiffs hereby reallege and incorporate each and every allegation made in Paragraphs 1-16 of this Complaint as though fully set forth herein.

18. Calacci failed report the work history of its covered employees or to make the required contributions to the Funds for the months of April 1, 2020 through September 30, 2020.

19. Based upon the employee work history from the audit of Calacci employee paystubs and timecards by Union Business Agents of UBC Locals 308, 678, and 1260, Calacci has breached the provisions of ERISA, the 2019 CBA, and the Trust Agreement by failing to pay all the contributions (and interest due thereon) owed to the Funds for periods of April 1, 2020 through September 30, 2020.

20. Despite demands that Calacci perform its statutory and contractual obligations with respect to reporting contributions to the Funds, Calacci has neglected and refused to pay the amounts that are due as a consequence of the conduct set for in Paragraph 18.

21. As a result of the conduct set forth in Paragraph 18 and the audit set forth in Paragraph 19, Calacci owed the H&W Fund $52,985.39 and the Ed. Fund $4,307.97 for unpaid contributions (not including interest for the period of April 1, 2020 through September 30, 2020.

22. As a result of Defendant's failure to meet its obligations under the terms of the 2019 CBA and relevant Trust Agreement, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring attorney fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions set forth in the 2019 CBA and relevant Trust Agreements.

WHEREFORE, Plaintiffs request the following relief:

(1) A judgment against Defendant in favor of the Funds, pursuant to section 502(g)(2) of ERISA, 29 U.S.C § 1132(g)(2) and under the 2019 CBA and relevant Trust Agreements for:

    (i) the unpaid contributions owed to the H&W Fund in the amount of $52,985.39; and in favor of the Ed. Fund in the amount of $4,307.97 for the period of April 1, 2020 through September 30, 2020;

    (ii) interest on the unpaid contributions at ten percent (10%), the rate set forth in Article 13, Section O of the CBA;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and

(iv) attorney's fees and costs.

(2) Post-judgment interest computed and changed on the entire balance at ten percent (10%) percent, the rate set forth in Article 13, Section O of the CBA.

(3) Such further or additional relief as this court deems appropriate, including judgment for any contributions and/or interest that may accrue subsequent to the filing of this complaint as well as any resulting statutory penalties thereon under ERISA.

DAY RETTIG MARTIN, P.C.

BY: /s/ Erica L. Yoder
Joseph E. Day AT0001902
Erica L. Yoder AT0008684
150 First Ave. N.E., Suite 415
P.O. Box 2877
Cedar Rapids, IA 52406-2877
Phone: (319) 365-0437
Fax: (319) 365-5866
Emails: jday@drpjlaw.com;
eyoder@drpjlaw.com; cheryl@drpjlaw.com

ATTORNEYS FOR PLAINTIFFS